Dear Mr. Ratcliff:
You have requested the opinion of this office on the following issue:
 May the Livingston Parish Council enter into a contract for road work without having 100% of the contract cost in hand when the contract is signed?
You have indicated that Livingston Parish voters approved a one cent sales tax dedicated to upgrading roads within the parish anticipating this tax will generate approximately $5,700,000 this fiscal year. It is anticipated that a contract will be awarded May, 1998, for various road work beginning June and to be completed by the end of October, 1998. All of this occurs within the same fiscal year, which is a calendar year for Livingston Parish.
La. R.S. 39:1310, which is part of the Local Government Budget Act, provides in pertinent part:
 C. The adopted budget and any duly authorized amendments required by this Section shall constitute authority of the chief executive or administrative officers of the political subdivision to incur liabilities and authorize expenditures from the respective budgeted funds during the fiscal year.
I have been advised by the director of finance for the parish that this capital outlay project has already been included in the 1998 parish budget. Pursuant to that approval, this provision authorizes you to enter the anticipated contract for road work. However, another provision of state law may affect your contract timetable and suggest special provisions in your contract documents. R.S. 38:2191 provides:
 Sec. 2191. Payments under contract
 A. All public entities shall promptly pay all obligations arising under public contracts when the obligations become due and payable under the contract. All progressive stage payments and final payments shall be paid when they respectively become due and payable under the contract.
 B. Any public entity failing to make any final payments after formal final acceptance and within forty-five days following receipt of a clear lien certificate by the public entity shall be liable for reasonable attorneys fees.
 C. The provisions of this Section shall not be subject to waiver by contract.
These provisions set forth the limits of delay which the parish may have in making payments after they become due. Since you know in advance that cash flow may require slightly extended time periods to make payments, it is important that your bid and contract documents carefully specify when the payments willbecome due after performance of the work or submission of a request for payment by the contractor. Once the payments ". . . become due and payable under the contract", you are subject to the mandatory requirements of R.S. 38:2191 and these requirements may not be altered or waived by your contract.
I trust that this answers your inquiry. Please let me know if we may be of further assistance to you in this matter.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ GLENN R. DUCOTE
Assistant Attorney General
RPI/GRD/cla